# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: November 28, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| KATHERINE MICHELE PETERSON, | * | |
| as natural parent of M.M.P., a minor, | * | |
| | * | No. 16-1296 |
| Petitioner, | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | DTap, Polio, Rotavirus, Haemophilus |
| AND HUMAN SERVICES, | * | Influenza ("Hib"), Hepatitis B ("Hep. B"), |
| | * | Hypersensitivity to Light; Rash; Atopic |
| Respondent. | * | Dermatitis; Eczema. |
| | * | |
| * * * * * * * * * * * * * * | | |

Elaine Whitfield Sharp, Whitfield, Sharp & Sharp, Marblehead, MA, for petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C. for respondent.

## DECISION DISMISSING PETITION[1]

On October 7, 2016, Katherine Michele Peterson ("petitioner") filed a pro se petition for compensation in the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that her minor daughter, M.M.P., suffered multiple injuries, including hypersensitivity to light, rash, atopic dermatitis, and severe eczema as a result of receiving the DTap, Polio, Pneumococcal, Rotavirus, Haemophilus ("Hib"), and Hepatitis B ("Hep. B") vaccinations on February 15, 2016. Petition at Preamble; ¶3.

During an initial status conference on December 1, 2016, the undersigned encouraged petitioner to seek representation by an attorney and allowed petitioner additional time to do so. On December 19, 2016, petitioner filed a motion to substitute Ms. Elaine Whitfield Sharp as

---

[1] Because this decision contains a reasoned explanation for my action in this case, I intend to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] Petitioner filed a petition *in forma pauperis* in her name. During a status conference on December 1, 2016, petitioner's motion to proceed *in forma pauperis* was granted, and the Clerk of Court was directed to amend the case caption to reflect that petitioner was bringing the case on behalf of her minor daughter M.M.P. Order dated December 1, 2016 (ECF No. 9).

attorney of record for petitioner. Petitioner's motion was granted on December 22, 2016 (ECF No. 11).

On February 6, 2017, petitioner was ordered to file all outstanding medical records and a statement of completion by March 6, 2017. Petitioner was given a one day extension of time to comply with this Order, and medical records and a statement of completion were filed on March 7-8, 2017.

Respondent filed a Rule 4(c) Report on April 7, 2017, recommending against compensation. The undersigned held a Rule 5 conference in the case on May 16, 2017, during which time she shared her preliminary findings with the parties. During the Rule 5 conference, the parties discussed the two issues raised by respondent in the Rule 4(c) Report: the lack of support in the medical records for some of the alleged injuries, and the lack of proof that M.M.P.'s rash caused a six-month residual injury. The undersigned gave her tentative finding that several of petitioner's alleged injuries were not supported by the medical records and that there was no evidence in the record that M.M.P.'s injuries persisted for more than six months. The undersigned noted that there was no diagnosis from a physician consistent with anaphylaxis, and she stated that it appeared from the record that M.M.P.'s eczema pre-dated her receipt of the vaccines on February 15, 2016. The undersigned ordered petitioner to file additional medical records in support of her claims that M.M.P. suffered from photosensitivity, hypersensitivity of her skin, muscle rigidity, irritability, and other alleged injuries. The undersigned allowed petitioner 60 days to file these records.

After the Rule 5 conference, petitioner filed three motions for extension of time to file medical records, all of which the undersigned granted. In total, the undersigned allowed petitioner five months in which to file additional medical records. On October 3, 2017, petitioner filed a statement of completion and an affidavit summarizing her daughter's medical history.

On October 5, 2017, the undersigned ordered petitioner to file an expert report by December 5, 2017. The undersigned also warned that in light of the tentative findings during the Rule 5 conference and the lack of additional medical records, the case could lack a reasonable basis. Order dated October 5, 2017 (ECF No. 37).

On November 24, 2017, petitioner filed a motion for judgment on the administrative record, more appropriately characterized as a motion to dismiss. Petitioner's Motion ("Pet. Mot.") dated November 24, 2017 (ECF No. 38). Petitioner stated that after consulting with several experts, she believes that she will be unable to prove that M.M.P. is entitled to compensation in the Program and that to proceed further would be unreasonable. Id. at ¶¶ 8-9. Petitioner also stated that she understands that a decision dismissing her petition will terminate all of her rights in the Vaccine Program. Id. at ¶ 10. Furthermore, petitioner wishes to retain their right to file a civil action in the future and thus intends to elect to reject the Vaccine Program judgment. Id. at ¶ 12.

To receive compensation under the Program, petitioner must prove either: 1) that M.M.P. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding

to a vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that M.M.P. suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that M.M.P.'s injury was caused by the vaccinations she received on February 15, 2016.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  However, petitioner has not filed an expert report.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that M.M.P. suffered a "Table Injury" or that her injuries were caused-in-fact by one or more of her vaccinations.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk of Court SHALL ENTER JUDGEMENT accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master